UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-63007-CIV-ALTMAN/Hunt

BROWARD COUNTY, a political
subdivision of the State of Florida,

        Plaintiff,

v.

BEAZLEY USA SERVICES, INC., a/k/a
SYNDICATE 2623/623 at LLOYD'S, a for-
profit corporation,

        Defendant.

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON, SYNDICATES 2623/623

        Third-Party Plaintiff,

v.

HUB PARKING TECHNOLOGY USA, INC., a
Delaware Corporation, SP PLUS
CORPORATION, a Delaware Corporation,

        Third-Party Defendants.

_____/

**THIRD-PARTY COMPLAINT**

Pursuant to Rule 14 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Certain Underwriters at Lloyd's, London, Syndicates 2623/623 ("Beazley"),[1] files this Third-Party Complaint against Third-Party Defendants, HUB Parking Technology USA, Inc. ("HUB Parking") and SP Plus Corporation ("SP Plus") and alleges:

---

[1] Plaintiff erroneously sued Certain Underwriters at Lloyd's, London, Syndicates 2623/623 as "Beazley USA Services, Inc. a/k/a Syndicate 2623/623 at Lloyd's."

## PARTIES, JURISDICTION, AND VENUE

1. Beazley is, and at all relevant times was, comprised of insurance syndicates 623 and 2623 formed and existing under the laws of the United Kingdom with their principal place of business in London, England.

2. Specifically, syndicates 623 and 2623 subscribe to Policy No. W13EDF180601, the insurance policy issued to Broward County (the "County") that is referenced in the County's Complaint in this action.

3. Syndicates 623 and 2623 are exclusively comprised of Names that are citizens of the United Kingdom and, as such, are citizens of a foreign state within the meaning of 28 U.S.C. §1332(c)(1).

4. HUB Parking is a Delaware corporation with its principal place of business in Warrendale, Pennsylvania.

5. SP Plus is a Delaware corporation with its principal place of business in Chicago, Illinois.

6. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367 because the claims alleged herein form part of the same case and controversy alleged in the Complaint in this action over which this Court has original diversity jurisdiction.

7. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity between Beazley, on the one hand, and HUB Parking and SP Plus on the other hand, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this District because the venue asserted in the Complaint is this District.

## FACTUAL ALLEGATIONS

9. The County filed the Complaint in this action against Beazley seeking a judicial declaration that Beazley has a duty to defend and indemnify the County in connection with lawsuits captioned *Jennifer Orsi v. SP Plus Corporation, et al.*, Case No. 18-cv-62589-PMH (Southern District of Florida) and *Jennifer Orsi v. SP Plus Corporation, et al.*, Case No. CACE19022989 (Seventeenth Judicial Circuit of Florida, Broward County) (the "State Court Lawsuit") (collectively, the "Orsi Matter") under Beazley Breach Response Policy No. W13EDF180601 issued to the County for the November 4, 2018 to November 4, 2019 Policy Period (the "Policy"). A copy of the Policy is attached as Exhibit A.

10. The Orsi Matter is a purported class action against the County, HUB Parking, and SP Plus, for violation of the Fair and Accurate Credit Transaction Act ("FACTA") involving parking receipts issued at Fort-Lauderdale Hollywood International Airport (the "Airport").

11. The subject receipts allegedly displayed more than the last five digits of credit or debit card numbers in violation of FACTA.

12. At all times material to the allegations contained in the Orsi Matter, the County and HUB Parking were parties to an agreement whereby HUB Parking provided software, equipment, and associated maintenance thereof, with such software and equipment being used in connection with parking facilities and parking operations at the Airport (the "HUB Agreement"). A copy of the HUB Agreement is attached as Exhibit B.

13. At all times material to the allegations contained in the Orsi Matter, the County and SP Plus were parties to an agreement whereby SP Plus provided management services related to parking facilities and parking operations at the Airport (the "SP Plus Agreement"). A copy of the SP Plus Agreement is attached as Exhibit C.

**COUNT I – DECLARATORY RELIEF**
**(HUB PARKING HAS PRIMARY DUTY TO DEFEND**
**AND INDEMNIFY THE COUNTY)**

14. Beazley realleges and reincorporates Paragraphs 1 through 13 above.

15. The HUB Agreement is, and has been at all times material hereto, a valid and enforceable agreement between the County and HUB Parking.

16. The HUB Agreement remains in full force and effect.

17. Pursuant to Article 8 of the HUB Agreement, HUB Parking has a duty to indemnify, hold harmless, and defend the County against any lawsuits, causes of actions, demands, claims, losses, fines, penalties, damages, judgments, liabilities, and expenditures of any kind, including but not limited to attorney's fees, caused or alleged to be caused by any intentional, reckless, or negligent act or omissions of HUB Parking, arising from, relating to, or in connection with any obligation or performance under the HUB Agreement.

18. Pursuant to the HUB Agreement, HUB Parking has a duty to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation that Beazley may have under the Policy with respect to the Orsi Matter.

19. In addition, Beazley is subrogated to the County's indemnity rights against HUB Parking pursuant to the Subrogation provision of the Policy's General Conditions.

20. An actual and justiciable controversy exists between Beazley and HUB Parking regarding HUB Parking's obligations to the County under the HUB Agreement insofar as HUB contends that it does not have an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy while Beazley contends that HUB Parking does have an obligation to defend and indemnify the County in connection with the Orsi Matter under the HUB Agreement that is primary to any obligation Beazley may have under the Policy.

21. By virtue of the foregoing, Beazley is entitled to a judgment declaring that HUB Parking has an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy.

WHEREFORE, Beazley respectfully requests that the Court enter judgment in Beazley's favor and against HUB Parking and declare that HUB Parking has an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy, and for such other relief as the Court deems just and proper.

### COUNT II – DECLARATORY RELIEF
### (SP PLUS HAS PRIMARY DUTY TO DEFEND
### AND INDEMNIFY THE COUNTY)

22. Beazley realleges and reincorporates Paragraphs 1 through 13 above.

23. The SP Plus Agreement is, and has been at all times material hereto, a valid and enforceable agreement between the County and SP Plus.

24. The SP Plus Agreement remains in full force and effect.

25. Pursuant to Article X of the SP Plus Agreement, SP Plus has a duty to indemnify, hold harmless, and defend the County against any claims, losses, liabilities, and expenditures of any kind, including but not limited to attorney's fees, caused by any negligence, recklessness, or intentionally wrongful conduct by SP Plus, accruing, resulting from, or related to the subject matter of the SP Plus Agreement.

26. Pursuant to the SP Plus Agreement, SP Plus' duty to defend and indemnify the County in connection with the Orsi Matter is primary to any obligation that Beazley may have under the Policy.

27. In addition, Beazley is subrogated to the County's indemnity rights against SP Plus pursuant to the Subrogation provision of the Policy's General Conditions.

28. An actual and justiciable controversy exists between Beazley and SP Plus regarding SP Plus' obligations to the County under the SP Plus Agreement insofar as SP Plus contends that it does not have an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy while Beazley contends that SP Plus does have an obligation to defend and indemnify the County in connection with the Orsi Matter under the SP Plus Agreement that is primary to any obligation Beazley may have under the Policy.

29. By virtue of the foregoing, Beazley is entitled to a judgment declaring that SP Plus has an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy.

WHEREFORE, Beazley respectfully requests that the Court enter judgment in Beazley's favor and against SP Plus and declare that SP Plus has an obligation to defend and indemnify the County in connection with the Orsi Matter that is primary to any obligation Beazley may have under the Policy, and for such other relief as the Court deems just and proper.

Respectfully submitted,

BERGER SINGERMAN LLP
*Co-Counsel for Defendant*
1450 Brickell Ave,, Suite 1900
Miami, Florida 33310
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:  *s/Michael J. Higer*
     Michael J. Higer
     Florida Bar No. 500798
     mhiger@bergersingerman.com
     Caitlin M. Trowbridge
     Florida Bar No. 92113
     ctrowbridge@bergersingerman.com
     DRT@bergersingerman.com

TROUTMAN SANDERS LLP
*Counsel for Defendant*
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone: (949) 622-2700
Kevin F. Kieffer (*pro hac vice* pending)
kevin.kieffer@troutman.com
Ryan C. Tuley (*pro hac vice* pending)
ryan.tuley@troutman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 6, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel/parties of record either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Caitlin M. Trowbridge*
    Caitlin M. Trowbridge